IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY_____D.C.

05 SEP -8 PM 3:01

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| FLORENCE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2299-MAV |
| | ) | |
| JOHN SNOW, SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DOCUMENTS FOR EXAMINATION AND TO ALLOW ENTRY ONTO PROPERTY FOR INSPECTION UNDER RULE 34**

Currently before the court is the August 1, 2005 motion of the plaintiff, Florence Hall, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to compel the defendant, John Snow, Secretary of the U.S. Department of Treasury, (1) to produce all e-mails written by James Allen, EEO Counselor, to any Department of Treasury staff during the time Hall alleges the disability discrimination occurred (December 18, 2002 to July 31, 2005) and in which Hall's name appears and (2) to submit to an on-site visit so that Hall can determine if her wheelchair would fit into the cubicle the defendant attempted to provide as an accommodation.

Under Rule 34(a)(1) & (2), Hall may request that the defendants submit designated documents which contain matters within

the scope of Rule 26(b) and that the defendants allow entry onto designated property for the purpose of inspecting the property, within the scope of Rule 26(b). Rule 26 allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.

Relevancy for discovery purposes is extremely broad. The information sought need not be admissible in court in order to be relevant. Rather, the relevancy burden is met if the party can show that the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, discovery does have "'ultimate and necessary boundaries,'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)(quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and "'it is well established that the scope of discovery is within the sound discretion of the trial court.'" *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994)(quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)).

With respect to Hall's request to produce e-mails written by James Allen, Hall states that this information is necessary to ascertain whether Allen believed he found discrimination and whether Hall should be compensated for such discrimination under the Alternative Dispute Resolution agreement. Allen's beliefs, however, are not relevant as to the defendant's liability. In

2

addition, to the extent that Hall seeks to introduce offers of compromise made by the defendant, such offers are not admissible to prove liability or to prove the amount of a claim. FED. R. CIV. P. 408.

With respect to Hall's request to allow an on-site visit, Hall states that this visit will determine whether her wheelchair will fit into the "downsized cubicle" that the defendant allegedly provided as an accommodation. An inspection of the cubicle is not reasonably calculated to lead to the discovery of admissible evidence, as required by Rule 26(a), because Hall alleges that the defendant constructively discharged her by failing to respond to her accommodation request for an unshared cubicle in a timely manner. In fact, several weeks after Hall left work, the defendant sent Hall a letter indicating that the defendant would accommodate her by providing an unshared cubicle and requesting that she return to work. Hall did not inspect the cubicle, but resigned the following day. Whether Hall's wheelchair will fit into the cubicle that was eventually offered is therefore irrelevant to Hall's claims.

The motion to compel disclosure of documents for examination and to allow entry onto property for inspection is therefore denied.

IT IS SO ORDERED this 7th day of September, 2005.

Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CV-02299 was distributed by fax, mail, or direct printing on September 13, 2005 to the parties listed.

---

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Florence A. Hall
3615 Sharpe Avenue
Memphis, TN 38111

Honorable Samuel Mays
US DISTRICT COURT