IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FLORENCE HALL,

    Plaintiff,

vs.                                    No. 04-2299-Ma/V

JOHN SNOW, SECRETARY,
UNITED STATES DEPARTMENT
OF THE TREASURY,

    Defendant.

## ORDER DENYING RECONSIDERATION OF ORDER OF THE MAGISTRATE

On August 1, 2005, Plaintiff Florence Hall filed a motion to compel disclosure of documents for examination and to allow entry onto property for inspection, pursuant to Rule 34 of the Federal Rules of Civil Procedure. The defendant responded to plaintiff's motion on August 19, 2005. The Court referred the motion to United States Magistrate Judge Diane Vescovo for determination. On September 8, 2005, Judge Vescovo denied plaintiff's motion. The order was docketed on September 12, 2005.

Judge Vescovo determined that plaintiff had failed to demonstrate that her request for the disclosure of e-mails would lead to the discovery of admissible evidence as required by Fed. R. Civ. P. 26(b)(1). Specifically, Judge Vescovo found that Hall sought e-mails containing statements and "offers of compromise"

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___10-3-05___

which were not admissible to prove liability or to prove the amount of a claim. Fed. R. Evid. 408  Additionally, Judge Vescovo determined that Hall's requested inspection of the work cubicle was not reasonably calculated to lead to the discovery of admissible evidence, as required by Rule 26(a), because Hall resigned before inspecting the cubicle.

On September 20, 2005, plaintiff filed an objection to Judge Vescovo's order in accordance with Local Rule 72.1(g)(1). Plaintiff refers the Court to the statutes governing Alternative Dispute Resolution, 28 U.S.C. §§ 651-653, as well as Tennessee statutes that are not applicable to this proceeding. Hall contends that Judge Vescovo's ruling on this discovery dispute "was possible biased by the open and frank sharing of information from the Plaintiff during the Settlement Conference."

Plaintiff also cites 28 U.S.C. § 455, the statute governing disqualification of judges and magistrate judges. That section states an objective standard under which "a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990)(quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990)).

The motion fails to establish a basis for disqualification under § 455. Plaintiff relies on § 455(b)(1), providing that a judge disqualify h[er]self "where [s]he has a personal bias or

2

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In this case, review of Judge Vescovo's order demonstrates that the only basis for recusal rests on the ruling which was adverse to the plaintiff, a matter arising during judicial proceedings. The ruling and underlying proceeding do not present any basis for disqualification.

The plaintiff does not rely on any actual statements by the Judge Vescovo to establish bias or prejudice. The cited "open and frank sharing of information" during the settlement conference does not demonstrate personal bias and/or personal knowledge of disputed evidentiary facts concerning the proceeding from an extrajudicial source. United States v. Hartsel, 199 F.3d 812 (6th Cir. 1999). Judge Vescovo's knowledge comes from her participation in this case. "[T]he judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." Sammons, 918 F.2d at 599. The motion to disqualify is based on plaintiff's disagreement with Judge Vescovo's ruling. That ruling, even if Hall disagrees with it, is not grounds for a motion to disqualify.

The Court has reviewed plaintiff's motion, defendant's response, and Judge Vescovo's order, de novo, as well as plaintiff's objections. Hall has failed to demonstrate that Judge Vescovo's ruling is clearly erroneous or contrary to law. Based

3

upon its <u>de</u> <u>novo</u> review, the Court determines that Judge Vescovo's ruling is based upon well-established evidentiary rules governing discovery and the admissibility of evidence. Plaintiff's objection is unfounded and the motion for reconsideration (docket entry 39) is DENIED.

IT IS SO ORDERED this 29th day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:04-CV-02299 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

Florence A. Hall
3615 Sharpe Avenue
Memphis, TN 38111

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT