FILED BY ⊥ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 OCT -6 PM 5: 51

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| FLORENCE HALL, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 04-2299-Ma/V |
| | X | |
| JOHN W. SNOW, SECRETARY, | X | |
| UNITED STATES DEPARTMENT | X | |
| OF THE TREASURY, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ORDER OF DISMISSAL
ORDER DENYING REMAINING PENDING MOTIONS AS MOOT
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Florence Hall filed an employment discrimination complaint under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. §§ 791, 794a. Hall, a former employee with the Internal Revenue Service ("IRS"), alleges that the IRS denied her reasonable accommodation.[1] On August 15, 2005, the IRS filed a motion to dismiss or, in the alternative, motion for summary judgment, along with a supporting memorandum. On August 29, 2005, plaintiff Hall filed a "motion and supporting memorandum objecting to defendant's motion and memorandum in support of motion to dismiss or, in the alternative, motion for summary judgment" which

---

[1] Hall cites the ADEA as grounds for the Court's jurisdiction of her claims. Her complaint does not state her age and contains no allegations of acts of discrimination based upon her age.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _10-7-05_

44

the Court construes as her response to the defendant's motion for summary judgment.

The grounds for defendant's motion for summary judgment are:

A.   The Court lacks subject matter jurisdiction; and

B.   Plaintiff has failed to state a claim upon which relief can be granted.

The Court has reviewed all pleadings, responses, and exhibits and determined that the following undisputed facts are dispositive of all issues:

1.   Plaintiff Hall, who suffers from fibromyalgia, was re-employed by the defendant on January 28, 2002. (Plaintiff's complaint; attachments A (Hall deposition at 10), B, P, and Q to defendant's memorandum in support) Hall turned 51 years old on March 9, 2002.   (Exhibit B to defendant's memorandum in support, p. 10)

2.   After April 8, 2002, plaintiff discussed problems with her assigned parking space with Immediate Manager ("IM") Adelle Gaten-Powell and Program Manager Carolyn Bradshaw. (Attachments A (Hall deposition at 117-119), and Q to defendant's memorandum in support) Bradshaw was unaware of Hall's age at the time she requested accommodation. (Exhibit Q, affidavit of Bradshaw, para. 7)

3.   After April 8, 2002, plaintiff complained to IM Gaten-Powell that raising the computer equipment at her workstation caused her discomfort on a daily basis and that she needed a non-shared cubicle.   (Attachment B to defendant's memorandum in support)

4.   On approximately June 28, 2002, plaintiff submitted a written request to IM Gaten-Powell, requesting a separate cubicle. The written request indicated that plaintiff experienced discomfort on a daily basis because she had to move the day shift employee's chair and adjust the keyboard so that her knees could fit under the workstation cubicle.   (Attachments A (Hall deposition at 104) and L to defendant's memorandum in support)

5.   On August 5, 2002, plaintiff filed a grievance with the National Treasury Employees Union (NTEU), alleging the IRS failed to afford plaintiff a reasonable accommodation. (Attachments A (Hall deposition at 93-95), E, F, and Q to

2

defendant's memorandum in support) The written grievance included the following statement:

"[M]anagement had knowledge of my age, because there is always birthday celebrations for everyone. I had a birthday on march 9th, and besides, I remember telling people my age, because that is something that I am proud of age 51."

(Exhibit B to defendant's memorandum in support, p. 10, para. 14)

6.  On August 7, 2002, plaintiff submitted a statement that she was under a doctor's care with no expected date for her return to work. The doctor's excuse stated plaintiff "would return to work upon further notice" from the doctor. (Attachments A (Hall deposition at 126) and M to defendant's memorandum in support)

7.  On August 19, 2002, Shirley Garrett, Labor Relations Specialist, returned plaintiff's grievance concerning failure to afford reasonable accommodation with the notation that "this issue is being worked through the Department Manager and EEO." (Attachments A (Hall deposition at 95) and F to defendant's memorandum in support)

8.  Plaintiff resigned on September 11, 2002. (Attachments A (Hall deposition at 98) and K to defendant's memorandum in support)

9.  Plaintiff sought EEO counseling on December 18, 2002. Her complaint of discrimination was filed on January 31, 2003. Plaintiff checked "age" and "physical disability" as bases for discrimination on the complaint. (Attachments S and T to defendant's memorandum in support.)

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

3

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Id. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

This Court must determine whether the defendant has established the absence of a genuine issue of material fact as to plaintiff's claims. When an employee brings an employment discrimination claim under the Rehabilitation Act or Title VII, she bears the burden of establishing a prima facie case of discrimination. See, e.g., United States Postal Serv. Bd. of Gov. v. Aikens, 460 U.S. 711 (1983). In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court set forth a method for evaluating evidence in discrimination cases. That method has been summarized as follows:

4

'First, the plaintiff has the burden of proving by the preponderance of the evidence a <u>prima</u> <u>facie</u> case of discrimination.  Second, if the plaintiff succeeds in proving the <u>prima</u> <u>facie</u> case, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reasons for the employee's rejection." . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

<u>Texas Dep't of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981) (citations omitted).  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." <u>Id.</u> at 253.

To satisfy plaintiff's burden in the context of age discrimination, she must allege that she was a member of the statutorily protected age group (over 40), subjected to adverse action, treated differently than a similarly-situated person who was significantly younger in age, and that there is a causal connection between the adverse action and her age.  <u>Simpson v. Midland-Ross Corp.</u>, 823 F.2d 937 (6th Cir. 1987)(applying <u>McDonnell Douglas</u> to the age discrimination context).

Although recognizing that plaintiff cites the ADEA in the complaint, the defendant does not address plaintiff's claim of age discrimination because plaintiff's complaint alleges that plaintiff was denied "wheelchair building accessibility" and includes no allegations of acts of age discrimination.  (Plaintiff's complaint) Plaintiff responded, stating "[s]he is well over age 40" and "is very close to retirement and will cost them too much." (Plaintiff's

response, p. 9)   The Court's review of all exhibits demonstrates that plaintiff alleged in her written grievance that the defendant was aware of her age. She did not allege that any action was taken because of her age or that any younger individual was treated differently. Plaintiff checked age as a basis for discrimination on her EEOC complaint. She did not, however, include facts to support the claim. All of plaintiff's factual allegations concerned defendant's conduct during and after her requests for reasonable accommodation based on her physical disability.

The sparse allegations in the written grievance prevent a definite conclusion that plaintiff elected to pursue any claim of age discrimination through the union-assisted negotiated grievance procedure. Out of an abundance of caution, the Court will review plaintiff's ADEA claim under McDonnell Douglas rather than the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7121(d). The Court has considered the entire record, including all exhibits, and concludes that Hall is unable to establish a prima facie case of age discrimination. She was a member of the protected class, but her complaint, written grievance, charge of discrimination, and letter of resignation contain no facts supporting a claim of age discrimination. Furthermore, plaintiff was not terminated; she unilaterally resigned from her position to protect her disability retirement.

Defendant has supplied the affidavit of Carolyn Bradshaw, who states that she was not aware of Plaintiff's age and that age had no impact on the reasonable accommodation proposals provided to

6

plaintiff.   Plaintiff has not filed affidavits or documentation
that rebut Bradshaw's affidavit or the exhibits contained in the
record.   Neither has plaintiff provided any affidavit or document
that suggests reveals she was treated differently than a similarly
situated person who was significantly younger in age.   Plaintiff
admitted in her formal grievance that she did "not know personally
of anyone" treated differently.   (Exhibit B to defendant's
memorandum in support, pp. 13-14, para. 19).

Plaintiff offers speculation and subjective conclusions which
are inadequate to offset a properly supported summary judgment
motion.   Plaintiff's opinions do not carry her burden by offering
facts or affidavits that would raise a genuine issue of material
fact about her claim.   Conclusory allegations and subjective
beliefs are "wholly insufficient evidence to establish a claim of
discrimination as a matter of law." Mitchell v. Toledo Hospital,
964 F.2d 577, 585 (6th Cir. 1992).   Plaintiff has failed to present
facts sufficient to establish a prima facie case of age
discrimination and summary judgment is appropriate on that issue.

The Rehabilitation Act, 29 U.S.C. §§ 791, 794a, is the
exclusive remedy for handicapped discrimination in federal
employment.   Johnston v. Horne, 875 F.2d 1415, 1420-21 (9th Cir.
1989); Boyd v. United States Postal Serv., 752 F.2d 410, 413 (9th
Cir. 1985).   Cf. Hall v. United States Postal Serv., 857 F.2d 1073
(6th Cir. 1988)(noting that the plaintiff did not dispute district
court's dismissal of state law claims on basis that Rehabilitation
Act is the sole remedy for federal employees); Smith v. United

States Postal Serv., 766 F.2d 205, 207 n.2 (6th Cir. 1985)(same); Smith v. United States Postal Serv., 742 F.2d 257, 259-60 (6th Cir. 1984)(holding that Act requires exhaustion regardless of whether plaintiff invokes remedy under § 791 or § 794).

Federal law and EEOC regulations set forth rules governing claims of discrimination brought by federal employees who are covered by collective bargaining agreements.  Under the CSRA, an employee with a discrimination claim that may be grieved pursuant to a collective bargaining agreement "may raise the matter under a statutory procedure or the negotiated procedure, but not both."  5 U.S.C. § 7121(d); Smith v. Kaldor, 869 F.2d 999, 1006 (6th Cir. 1989).

The EEOC regulations similarly provide, in pertinent part:

When a person is employed by an agency subject to 5 U.S.C. § 7121(d) and is covered by a collective bargaining agreement that permits allegations of discrimination to be raised in a negotiated grievance procedure, a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter either under part 1614 or the negotiated grievance procedure, but not both. An election to proceed under this part is indicated only by the filing of a written complaint; use of the pre-complaint process as described in § 1614.105 does not constitute an election for purposes of this section . . . . An election to proceed under a negotiated grievance procedure is indicated by the filing of a timely written grievance. An aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part 1614 irrespective of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination.

29 C.F.R. § 1614.301(a). <u>See</u> <u>also</u> 29 C.F.R. § 1614.107(a)(4)(requiring dismissal of an agency complaint "[w]here the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination. . . .")  The reference in 29 C.F.R. § 1614.30 to a "complaint" refers to a complaint to the EEOC followed by a Title VII lawsuit.

It is undisputed that Hall was covered by a collective bargaining agreement between her Union, the NTEU, and the Treasury Department.  Pursuant to the terms of that agreement, plaintiff initially elected to pursue this matter through the negotiated grievance process.  She designated NTEU as her official representative and filed a written grievance alleging that the defendant had failed to afford reasonable accommodation to a qualified handicapped employee.  Plaintiff is bound by that irrevocable election of remedies.  5 U.S.C. § 7121(d); <u>See also</u> <u>Guerra v. Cuomo</u>, 176 F.3d 547, 548 (D.C. Cir. 1999)(construing § 7121(d) and affirming the district court's decision dismissing the plaintiff's complaint on the ground that her "earlier decision to file a union grievance constituted an irrevocable election of remedies"); <u>Maddox v. Runyon</u>, 139 F.3d 1017, 1021 (5th Cir. 1998)(observing that § 7121(d) precludes covered federal employees from pursuing both the EEO statutory procedure and a union-assisted negotiated grievance procedure).

Plaintiff elected to pursue a grievance on this matter and may not maintain this complaint. Accordingly, the defendant's motion for summary judgment is hereby GRANTED and the complaint is

DISMISSED in its entirety.  All other pending motions in this case are rendered MOOT by this determination and are DENIED.

The same considerations that lead the Court to grant the defendant's motion for summary judgment in this case also compel the conclusion that any appeal as to those claims would be frivolous.  The plaintiff has failed to present any facts to support her claim of age discrimination and is not entitled to pursue her claim of disability discrimination in this court. Accordingly, she cannot make a good faith argument that a genuine issue of material fact exists for trial.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997) and Callihan v. Schneider, 178 F.3d 800 (6th Cir. May 28, 1999) apply to any appeal filed by the plaintiff.  If the plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] or attempt to renew her request for leave to appeal in forma pauperis by filing "within thirty days after service of

---

[2]    The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal."  Callihan, 1997 WL 336307 at *3.   Under Callihan, if the appellant does not file the required motion or pay the filing fee within the thirty-day period, her appeal will be dismissed for want of prosecution.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  Id.

IT IS SO ORDERED this ___6___ day of October, 2005

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:04-CV-02299 was distributed by fax, mail, or direct printing on October 7, 2005 to the parties listed.

---

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Florence A. Hall
3615 Sharpe Avenue
Memphis, TN 38111

Honorable Samuel Mays
US DISTRICT COURT