IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUL -6 PM 4:43

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| FLORENCE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 04-2299 Ma/V |
| | ) |
| JOHN SNOW, SECRETARY, UNITED | ) |
| STATES DEPARTMENT OF THE | ) |
| TREASURY | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY ADVERSE COUNSEL AND RE-ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This suit arises from the alleged disability discrimination suffered by Plaintiff Florence Hall while she was employed at the Internal Revenue Service ("IRS"). On September 23, 2004, Plaintiff filed a "motion and memorandum in support of questions raised on conflict of interest." The United States ("the government"), on behalf of Defendant John Snow, responded to the motion on October 8, 2004. On December 22, 2004, Magistrate Judge Diane Vescovo issued a report and recommendation that Plaintiff's motion, which the court treated as a motion to disqualify adverse counsel, be denied. On January 19, 2005, District Judge Jon McCalla entered an order adopting the magistrate judge's report and recommendation.

On January 31, 2005, Plaintiff submitted, via facsimile to the court, a "motion objecting to order entered January 19, 2005."

Plaintiff requested the opportunity to file a reply to the Defendant's response to her motion. Although time for filing objections had passed, on February 4, 2005, the court vacated its order to allow Plaintiff to file objections to the magistrate judge's report and recommendation. Plaintiff filed her objections on February 18, 2005. For the following reasons, Plaintiff's motion is DENIED and the court again ADOPTS the magistrate judge's report and recommendations.

### I. Legal Standard

A district court's authority to disqualify attorneys derives from its power to conduct litigation. See In re Robert J. Snyder, 472 U.S. 634, 645 n.6 (1985). Motions to disqualify are substantive motions affecting the rights of the parties in federal court. In re Dresser Industries, Inc., 972 F.2d 540, 543 (5th Cir. 1992); In re American Airlines, Inc., 972 F.2d 605, 610 (5th Cir. 1992). Therefore, the governing standards are a matter of federal law. Snyder, 472 U.S. at 645 n.6; Bell Atlantic Corp. v. Bolger, 2 F.3d 1304, 1316 (3d Cir. 1993); Smith v. Kalamazoo Ophthalmology, 322 F. Supp. 2d 883, 888 (W.D. Mich. 2004). The Western District of Tennessee has adopted Local Rule 83.1(e), which requires attorneys to "comply with the Code of Professional Responsibility as then currently promulgated and amended by the Supreme Court of Tennessee." Although a federal court is not bound by state interpretations of relevant ethical provisions, those

interpretations will be given weight to the extent that they are compatible with federal interests.[1] See Cavender v. US XPress Enterprises, Inc., 191 F. Supp. 2d 962, 966 (E.D. Tenn. 2002).

In deciding a motion to disqualify based on a conflict of interest with a former client, the court must determine that 1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify, 2) the subject matter of that relationship is substantially related to the matter before the court, and 3) the attorney acquired confidential information from the party seeking disqualification. Dana Corp. v. Blue Shield, 900 F.2d 882, 889 (6th Cir. 1990); McKinney v. McMeans, 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001). The movant has the burden of proving that opposing counsel should be disqualified. McKinney, 147 F. Supp. 2d at 900; Bartech Industries, Inc. v. International Baking Co., Inc., 910 F. Supp. 388, 392 (E.D. Tenn. 1996).

II. Analysis

Plaintiff asserts that she was represented by the United States Attorney's ("USA") office in a previous lawsuit against a private business entity, United States of America v. Bette Bus Shuttle, et al., No. 03-CV-2100, for violations of the Americans with Disabilities Act ("ADA"). She claims that the USA's prior

---

[1] The court notes that the circumstances under which a Tennessee attorney may violate ethical duties concerning conflicts of interest are, although related and relevant, not identical to those under which a federal court will disqualify an attorney appearing before it.

3

representation of her in that matter presents an impermissible conflict of interest in the instant case. Under the relevant ADA provisions, "[a]ny individual who believes that he or she or a specific class of persons has been subjected to discrimination prohibited by the Act ... may request the Department [of Justice] to institute an investigation." 28 C.F.R. § 36.502(b). Following such an investigation, the Attorney General has sole discretion to decide whether to bring an action in federal court. 28 C.F.R. § 36.503. It appears that this procedure was followed in the Bette Bus Shuttle case in which Plaintiff claims to have been represented by the USA's office. Plaintiff was not a named party to the action and did not have any control, as a client, over the decisions made by the government in prosecuting the lawsuit. Thus, Plaintiff has not established that an attorney-client relationship existed between the USA's office and her.

Further, Plaintiff has not alleged or demonstrated that the instant lawsuit is substantially related to the subject matter of the Bette Bus Shuttle litigation or that any lawyer in the USA's office received confidential information about her. Consequently, she has failed to meet the burden necessary to disqualify opposing counsel based on a conflict of interest. Additionally, as the magistrate judge concluded, there is significant doubt as to whether the USA's office fits within the definition of "firm" for purposes of imputed or vicarious disqualification under Tenn. Sup.

Ct. Rule 8, Model Rules of Prof'l Conduct 1.10.[2] The court also finds the application of this rule instructive.

Plaintiff also appears to argue that the USA's office is not authorized to defend the government in ADA lawsuits. Plaintiff argues that her case should be "presented to the Civil Division [of the Department of Justice]." The USA's office is part of the Department of Justice and is allowed to defend the government and its representatives in employment discrimination lawsuits brought by individual plaintiffs. See, e.g., Smith v. Henderson, 376 F.3d 529 (6th Cir. 2004)(ADA and Title VII claims against Postmaster General); Ferrero v. Henderson, 341 F. Supp. 2d 873 (S.D. Ohio 2004))(claims against Postmaster General under Rehabilitation Act and Family and Medical Leave Act). Thus, Plaintiff's motion on this ground must also be denied.

---

[2] The comments of Rule 1.10 define "firm" as "lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization." Plaintiff does not allege that the same individual attorney who represented her in the prior litigation is defending the government in this lawsuit.

### III. Conclusion

For the foregoing reasons, the court again ADOPTS the magistrate judge's report and recommendation and DENIES Plaintiff's motion to disqualify the United States Attorney's office.

So ORDERED this 5th day of July 2005.

Samuel H. Mays, Jr.
United States District Judge